THE ATTORNEY GENERAL
OF TEXAS
AUSTIN 11, TEXAS



GERALD C. MANN
XXXXIIXXXXIIIXXXXXXXX
ATTORNEY GENERAL

Honorable Sidney A. Sparks
County Auditor
Jim Wells County
Alice, Texas

Dear Sir:

Opinion No. O-3341
Re: Can postage, stationery, and supplies,
telephone and telegraph expenses of
the county superintendent be legally
paid out of the general fund of the
county?

This department has considered your request for an opinion under date
of August 6, 1942, wherein you wish to be advised whether or not it
is legal to pay the postage, stationery and supplies, telephone and
telegraph and other office expenses of the county superintendent out
of the general fund of the county.

We enclose herewith a copy of our Opinion No. O-1781, approved February 20,
1940, wherein this department held that the county auditor is without
authority to approve and direct payment of a bill for postage presented by
the county school superintendent and charge the amount of the bill to the
general or any other fund of the county.

Article 2700 of Vernon's Civil Statutes as amended by House Bill 364,
Acts 1941, Forty-seventh Legislature, provides that in making the annual
budget for County Administration expenses the county school trustees shall
make allowance out of the State Available School Fund for salary and
expenses of the office of the county school superintendent and the same
shall be determined by the resident scholastic population of the county.
This statute further provides, ". . . and the County Board of Education
may make further provisions as it deems necessary for office and traveling
expenses of the County Suprintendent; . . ." Thus the County superintendent
is given an expense allowance to take care of office expense and as pointed
out in the opinion enclosed, the items you mentioned such as stationery,
telephone and telegraph, like postage are items of office expense.

Article 2362, R. C. S., provides for and specifies the four classes into
which stationery is classified, and Article 3899b, Vernon's Annotated
Civil Statutes, in Section 2 thereof, provides that suitable offices and
stationery and blanks necessary in the performance of his duties may
in the discretion of the commissioners' court be furnished to the county
superintendent and may be paid for on order of the commissioners'
court out of the county treasury. These authorities are set forth in the

opinion herewith attached, wherein it is further held that under the provisions of Articles 2688 and 3899b (Section 2), Vernon's Annotated Civil Statutes, the county commissioners' court has authority to purchase for the use and benefit of the office of county school superintendent furniture and only such office supplies as would come within the classification "stationery" so classified in Article 2362, supra.

It is therefore the opinion of this department that the county auditor is without authority to approve and direct payment of a bill for postage, telephone and telegraph expense incurred and presented by the county superintendent and charge the amount of the bill to the general or any other fund of the county. Where the commissioners' court authorizes the purchase of such stationery classified and within the provisions of Article 2362, Vernon's Annotated Civil Statutes, the auditor has authority to approve and direct payment for such stationery and charge the amount to the general fund of the county.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ Wm. J. R. King

By
    Wm. J. R. King
       Assistant

WMK:LM

ENCLOSURE

APPROVED AUG.  24, 1942
s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS

APPROVED OPINION COMMITTEE
BY B. W. B.
CHAIRMAN